IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DERRICK LASHAUN HALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10cv1040-WKW |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Derrick Lashaun Hall ("Hall") is before this court on a *pro se* motion to vacate, set

aside, or correct sentence pursuant to 28 U.S.C. § 2255.

## I.   INTRODUCTION

On September 15, 2009, Hall pled guilty to being a felon in possession of a firearm,

in violation of 18 U.S.C. § 922(g)(1).  After a sentencing hearing on December 1, 2009, the

district court sentenced Hall to 33 months in prison.  Hall did not appeal.  On December 7,

2010, Hall filed this § 2255 motion (Doc. No. 1),[1] asserting that the district court erred by

treating his prior Alabama conviction for second-degree assault as a crime of violence in

calculating his base offense level as 20 under U.S.S.G. § 2K2.1(a)(4)(A) (Ground One), and

that his counsel was ineffective for failing to object to the court's treatment of the second-

degree assault conviction as a crime of violence in calculating his base offense level

---

[1] References to document numbers are to those assigned by the Clerk of Court in the instant
civil action.  All page references are to those assigned by CM/ECF.  References to exhibits ("Exh.")
are to Government Exhibits included with the Government's answer (Doc. No. 8).

(Ground Two).  After consideration of Hall's § 2255 motion, the supporting and opposing submissions, and the relevant case law, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion should be denied.

## II.   DISCUSSION

### A.   General Standard of Review

Collateral review is not a substitute for direct appeal; therefore, the grounds for collateral attack on final judgments of conviction are extremely limited.  A federal prisoner is entitled to relief under 28 U.S.C. § 2255 only if the district court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum sentence authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."  *Lynn*, 365 F.3d at 1232-33 (citations

omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice"). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

**B.    Ground One:  District Court's Application of U.S.S.G. § 2K2.1(a)(4)(A)**

The district court calculated Hall's base offense level as 20 under U.S.S.G. § 2K2.1(a)(4)(A) upon finding that Hall's 2003 felony conviction in Alabama for second-degree assault qualified as a "crime of violence" under the Sentencing Guidelines.[2] Hall contends that "recent case law demonstrates" his second-degree assault conviction did not qualify as a crime of violence and that it was therefore error for the district court to enhance his base offense level based on its finding to the contrary. Doc. No. 1 at 4. Hall maintains that, but for the district court's error in this regard, his base offense level would have been 14 and that he is "'actually innocent' of the conduct comprising the 6-level enhancement."[3]

---

[2] Section 2K2.1 of the Sentencing Guidelines sets forth the base offense levels for federal firearm offenses, including violations of 18 U.S.C. § 922(g)(1). Section 2K2.1(a)(4)(A) provides for a base offense of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a *crime of violence* or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A) (emphasis added).

[3] Applying U.S.S.G. § 2K2.1(a)(4)(A), the district court calculated Hall's base offense level as 20. The court then applied a three-level reduction under U.S.S.G. § 3E1.1(a) & (b) based on Hall's acceptance of responsibility, resulting in a total offense level of 17. The total offense level
(continued...)

*Id*. Hall did not take a direct appeal raising this claim.

Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally barred from review in a § 2255 proceeding. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Lynn*, *supra*, 365 F.3d at 1234 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). "Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Lynn*, 365 F.3d at 1234–35 (quoting *Mills*, 36 F.3d at 1055).

As noted, Hall maintains he is "'actually innocent' of the conduct comprising the 6-level enhancement." Doc. No. 1 at 4. His argument in support of this claim reflects that he is not contending he is actually innocent of his prior Alabama second-degree assault conviction, but rather that he was wrongfully sentenced in the instant case under U.S.S.G. § 2K2.1(a)(4)(A) based on the district court's finding that the second-degree assault

---

[3](...continued)
of 17 combined with Hall's criminal history category of III to result in an advisory guidelines range of 30 to 37 months. The district court imposed a sentence within that range of 33 months. Hall maintains that if the district court had not found his second-degree assault conviction to be a crime of violence, his base offense level would have been 14 and his advisory guidelines range would have been 15-21 months. *See* Doc. No. 1 at 4.

conviction qualified as crime of violence under the Sentencing Guidelines. Hall's theory of actual innocence is, however, unavailing. Allegations of error in the application of the Sentencing Guidelines are not constitutional claims and they do not implicate the doctrines of "actual innocence" or "fundamental miscarriage of justice." *See Gilbert v. United States*, 640 F.3d 1293, 1318-23 (11th Cir. 2011) (en banc); *McKay v. United States*, 657 F.3d 1190, 1196-1200 (11th Cir. 2011); *Orso v. United States*, 452 Fed.App'x 912, 914-15 (11th Cir. 2012); *Bido v. United States*, 438 Fed.App'x 746, 748-49 (11th Cir. 2011). Indeed, errors in application of the Sentencing Guidelines are subject to the ordinary rules of procedural default. *McKay*, 657 F.3d at 1196-1200; *Orso*, 452 Fed.App'x at 914-15; *Bido v. United States*, 438 Fed.App'x at 748. Thus, Hall fails to present a viable claim of actual innocence to overcome his procedural default.

Ineffective assistance of counsel may satisfy the "cause" exception to procedural default, but only if the ineffective-assistance claim is meritorious. *Greene*, 880 F.2d at 1305. Although Hall does not specifically assert ineffective assistance of counsel as "cause" for his failure to challenge the district court's application of § 2K2.1(a)(4)(A), he does present an independent claim (Ground Two) alleging that his counsel was ineffective for failing to object to the court's treatment of his prior second-degree assault conviction as a crime of violence in calculating his base offense level. A discussion of this claim follows.

**C.     Ground Two:  Ineffective Assistance of Counsel**

**1.     *Standard of Review***

A claim of ineffective assistance of counsel is governed by the standard of *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*'s two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (internal quotation marks omitted); *see Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*. Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *see Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

## 2. *Hall's Claim*

In connection with his claim that his counsel was ineffective for failing to object to the district court's treatment of his Alabama second-degree assault conviction as a crime of violence, Hall maintains that "recent case law in similar post-conviction cases" has held that

assault convictions predicated on a state of mind of recklessness – which he says was the mens rea requirement for his second-degree assault conviction – do no constitute crimes of violence under the Sentencing Guidelines. *See* Doc. No. 1 at 4-5. Hall contends that his counsel should have relied on such case law to argue against the district court's application of U.S.S.G. § 2K2.1(a)(4)(A) to enhance his base offense level based on the court's treatment of his second-degree assault conviction as a crime of violence. *Id*.

In making this claim, Hall does not cite to any cases from the Eleventh Circuit – or from any other federal circuit – that he believes his counsel should have relied on to argue that his Alabama conviction for second-degree assault did not constitute a crime of violence under the Sentencing Guidelines. In an affidavit filed with this court, Hall's former counsel states that he was not aware of any recent federal case law at the time of Hall's sentencing that would have supported an argument that Hall's conviction for second-degree assault was not a crime of violence. Doc. No. 6 at 5. This court's own research has not uncovered any judicial decisions entered before Hall was sentenced upon which Hall's counsel could have relied to argue successfully that Hall's Alabama conviction for second-degree assault was not a crime of violence for purposes of the Sentencing Guidelines.

However, it is possible that the Eleventh Circuit's opinion in *United States v. Palomino Garcia*, 606 F.3d 1317 (11th Cir. 2010), is among "the recent case law" Hall alludes to as being supportive of his claim that he was improperly sentenced. In *Palomino Garcia*, the Eleventh Circuit held that the Arizona crime of aggravated assault on a law

enforcement officer[4] is not a crime of violence under the Sentencing Guidelines because (1) the elements of the offense defined by the Arizona aggravated assault statute do not correspond sufficiently with the elements of the contemporary, generic offense of aggravated assault, an offense enumerated in the Sentencing Guidelines as a crime of violence; and (2) the Arizona statute permits a conviction based on mere "reckless" conduct resulting in physical injury. *See* 606 F.3d at 1332-37. The surmise that Hall seeks to rely on *Palomino Garcia* is bolstered by the fact that his principal argument in his § 2255 motion is that his Alabama conviction for second-degree assault was not a crime of violence under the Sentencing Guidelines because, he says, the mens rea requirement for that conviction was recklessness.[5] *See* Doc. No. 1 at 4. However, Hall's apparent attempt to rely on *Palomino Garcia* to establish ineffective assistance of counsel is unavailing.

Hall was sentenced on December 1, 2009, more than five month before *Palomino Garcia* was decided. Before holding that the *Palomino Garcia* petitioner's Arizona aggravated assault conviction did not qualify as a non-enumerated crime of violence under the Sentencing Guidelines because it included a mens rea of recklessness, which, the court held, prevented the offense from satisfying the "use of physical force" requirement necessary for a non-enumerated offense to be considered a crime of violence, *see* 606 F.3d at 1334-37, the Eleventh Circuit noted that it had not previously been called upon to "consider whether

---

[4] *See* Ariz.Rev.Stat. § 13-1204(A)(7).

[5] Hall does not specifically mention *Palomino Garcia* anywhere in his pleadings.

a crime with a *mens rea* of recklessness satisfies the 'use of physical force' requirement so as to be classified a crime of violence under [the Sentencing Guidelines]."  *Id*. at 1334. Thus, the court acknowledged the novelty of the issue under consideration.  The *Palomino Garcia* court also noted that the petitioner had presented the alternative argument that the generic offense of aggravated assault (an offense enumerated as a crime of violence in the Sentencing Guidelines) is required – like a non-enumerated offense – to have a mens rea "greater than mere recklessness" to be considered a crime of violence for purposes of the Sentencing Guidelines.  *Id*. at 1334 n.14.  However, the Eleventh Circuit declined to consider this alternative argument, because the court decided the issue on other grounds. At the time this Recommendation is being entered, the Eleventh Circuit has yet to resolve this question.[6]

The Eleventh Circuit's recognition of the novelty of the issue of the mens rea requirement (as it relates to "use of physical force") for non-enumerated "crimes of violence," *see id*. at 1334, and its decision to pretermit consideration of the question of whether generic aggravated assault (an enumerated offense) requires a mens rea greater than recklessness, *id*. at n.14, only bolsters this court's conclusion that there was no clear and controlling law at the time of Hall's sentencing upon which Hall's counsel could have

---

[6]  *See United States v. Pantle*, 637 F.3d 1172, 1176-77 (11th Cir. 2011) (declining to decide if conviction of first-degree assault under Alabama law is a crime of violence under Sentencing Guidelines where a provision of the Alabama assault statute allows for conviction based on mens rea of recklessness).  This court's research has not uncovered a decision by the Eleventh Circuit or any other federal court directly addressing whether convictions under Alabama's second-degree assault statute are crimes of violence under the Sentencing Guidelines.

premised a successful challenge to the district court's treatment of his Alabama second-degree assault conviction as a crime of violence.  In any event, *Palomino Garcia* was decided after Hall was sentenced.  Thus, even assuming (without so deciding) that the Eleventh Circuit's construction of the Arizona aggravated assault statute in *Palomino Garcia* is apposite to Hall's case and would sustain an argument that Hall's Alabama conviction for second-degree assault is not a crime of violence under the Sentencing Guidelines, Hall's counsel cannot be faulted for failing to rely on a decision that had not been released at the time of Hall's sentencing (in a climate where the law was unclear).  Reasonably effective representation does not include a requirement that counsel make arguments based on predictions of how the law might develop.  *See United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001); *Spaziano v. Singletary*, 36 F.3d 1028,1039 (11th Cir. 1994).  Even if a claim based upon an anticipated change in the law is reasonably available at the time counsel failed to raise it, such failure does not constitute ineffective assistance. *See Pitts v. Cook*, 923 F.2d 1568, 1573-74 (11th Cir. 1991).  Consequently, Hall cannot demonstrate that his counsel's performance in this regard fell below "an objective standard of reasonableness," *see Strickland*, and Hall is not entitled to relief based on this claim of ineffective assistance of counsel.

Furthermore, the undersigned concludes that, even in light of *Palomino Garcia*, Hall was properly sentenced and the district court correctly treated his Alabama conviction for second-degree assault as a crime of violence.  As noted, U.S.S.G. § 2K2.1(a)(4)(A) provides

10

for a base offense of 20 if the defendant committed the instant firearm offense after sustaining a felony conviction for a "crime of violence." *See* U.S.S.G. § 2K2.1(a)(4)(A). Section 2K2.1 does not itself define the term "crime of violence," but the Commentary to this section states that "crime of violence" has the meaning given that term in § 4B1.2(a) of the Sentencing Guidelines and in Application Note 1 of the Commentary to § 4B1.2. *See* U.S.S.G. 2K2.1 cmt. n.1. For purposes of Hall's case, the relevant portion of the Commentary to § 4B1.2 lists several example crimes that qualify as crimes of violence, including, among others, "murder, manslaughter, kidnapping, *aggravated assault*, forcible sex offenses...."[7] *See* U.S.S.G. 4B1.2 cmt. n.1 (emphasis added); *see also United States v. Searcy*, 418 F.3d 1193, 1195 n.5 (11th Cir. 2005) ("We treat the commentary in the Sentencing Guidelines Manual as authoritative."). The Eleventh Circuit has held that a felony conviction qualifies as a crime of violence if either (1) the defendant was convicted of one of the offenses enumerated in the Sentencing Guidelines, or (2) the use, attempted, use, or threatened use of physical force was an element of the offense.[8] *See Palomino*

---

[7] Such listed crimes of violence are most often referred to "enumerated" offenses.

[8] As noted above, the Eleventh Circuit in *Palomino Garcia* held that the Arizona statute proscribing aggravated assault on a law enforcement officer fails to satisfy either of these two prongs. *See* 606 F.3d at 1332-37. The Sentencing Guidelines provision at issue in *Palomino Garcia* was U.S.S.G. § 2L1.2, which provides for an enhancement in the base offense level of a defendant convicted of an immigration law violation (*see, e.g.*, 8 U.S.C. § 1326(a)) where the defendant has previously been convicted of, among other things, "a felony that is ... a crime of violence." *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). Although different guideline sections and application notes apply to § 2L1.2 and § 2K2.1, the definition of "crime of violence" as it applies to § 2L1.2 is in every significant respect the same as the definition of "crime of violence" as it applies to § 2K2.1, the
(continued...)

*Garcia*, 606 F.3d at 1326; *United States v. Wilson*, 392 F.3d 1243, 1246 (11th Cir. 2004). A felony conviction for an enumerated offense qualifies as a "crime of violence" whether or not the use of physical force is an element of the crime. *See United States v. Orduno-Mireles*, 405 F.3d 960, 961-62 (11th Cir. 2005).

The Eleventh Circuit has stated that a "categorical approach" should usually be applied to determine whether a prior conviction is a qualifying offense (for example, a "crime of violence") for sentencing enhancement purposes. *United States v. Romo-Villalobos*, 674 F.3d 1246, 1248 (11th Cir. 2012) (citing *Palomino Garcia*, 606 F.3d at 1328). Under the categorical approach, a court should look at "the fact of conviction and the statutory definition of the prior offense." *Romo-Villalobos*, 674 at 1248. The Eleventh Circuit has also stated that the label a state attaches to an offense is not conclusive of whether a prior conviction qualifies as an enumerated offense (i.e., an enumerated "crime of violence") under the Sentencing Guidelines. *Palomino Garcia*, 606 F.3d at 1330-31. Instead, a court should consider whether the statute of conviction for the prior offense corresponds with the "uniform generic definition" of the enumerated offense. *Id*. at 1329 (quoting *United States v. Garcia-Caraveo*, 586 F.3d 1230, 1233 (10th Cir. 2009)). "To accomplish this task, [the court] must derive the elements of a generic [enumerated] offense ... by considering the elements of the crime that are common to most states' definitions of

---

[8](...continued)
Sentencing Guidelines provision at issue in Hall's case.

that crime, as well as learned treatises, and the Model Penal Code." *Palomino Garcia* at 1331.

After surveying relevant case law and other secondary sources, the Eleventh Circuit in *Palomino Garcia* endorsed the Model Penal Code as a primary source for the contemporary, generic meaning of aggravated assault. *See* 606 F.3d at 1331-33. The Model Penal Code provides, in relevant part:

> A person is guilty of aggravated assault if he: (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon.

*Model Penal Code* § 211.1(2). Thus in *Palomino Garcia,* the Eleventh Circuit accepted as its definition of "aggravated assault," for purposes of the classification of a state statute as a "crime of violence," a statutory definition of a generic "aggravated assault" statute that includes a criminal assault accompanied by the aggravating factor of an intent to cause serious bodily injury or the use of a deadly weapon. *See* 606 F.3d at 1332.

Following *Palomino Garcia*'s directives, and for purposes of Hall's case, this generic statute should be compared with the Alabama statute under which Hall was convicted of second-degree assault, § 13A-6-21, Ala. Code 1975.[9]  In pertinent part, the Alabama statute provides:

---

[9] Under the reasoning of *Palomino Garcia*, it is not determinative that the Alabama offense is labeled "assault in the second degree" rather than "aggravated assault."  *See* 606 F.3d at 1330-31.

(a) A person commits the crime of assault in the second degree if the person does any of the following:

(1) With intent to cause serious physical injury to another person, he or she causes serious physical injury to any person.

(2) With intent to cause physical injury to another person, he or she causes physical injury to any person by means of a deadly weapon or a dangerous instrument.

(3) He or she recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument.
....

(b) Assault in the second degree is a Class C felony.

§ 13A-6-21, Ala. Code. 1975.[10]

The presentence investigation report ("PSI") in Hall's case set forth the following facts concerning Hall's prior second-degree assault conviction:

On January 19, 2003, the victim, Willie Davis, was at the Vibration Club located on Highway 17 in Lowndes County, Alabama. While in the parking lot, Hall approached Davis's vehicle and an argument ensued. Hall then produced a pistol and they began [to] struggle over the gun. During the struggle, several shots were fired, striking Mr. Davis in both legs. Mr. Davis was treated and later released from Baptist Hospital.

PSI at 5, ¶ 20. Hall maintains that the trial court in his state assault case rejected a jury instruction that would have limited the offense to intentional conduct and that he was

---

[10] If there are disjunctive elements in the statute of conviction, the court may apply a modified categorical approach and look at other matters to ascertain which part of the statute formed the basis for the charge and conviction. *See, e.g., United States v. Moreno–Florean*, 542 F.3d 445, 449 (5th Cir. 2008); *see also Palomino Garcia*, 606 F.3d 1317 at 1336–37.

14

convicted under the reckless second-degree assault provision of § 13A-6-21, i.e., § 13A-6-21(a)(3). Doc. No. 1 at 4. He argues that because his second-degree assault conviction had a mens rea requirement of recklessness, it could not be considered a crime of violence under the Sentencing Guidelines. *Id.*

The Government does not dispute Hall's assertion that he was convicted under the reckless second-degree assault provision of the Alabama statute, and the record does not conclusively demonstrate otherwise. Accordingly, this court must determine if a reckless second-degree assault under the Alabama statute is included in the ordinary, contemporary and common meaning of aggravated assault. Here, Alabama's reckless second-degree assault provision, noted above, is sufficiently similar to the contemporary, generic definition of aggravated assault, also noted above, to qualify categorically as an enumerated crime of violence. Significantly, the Alabama reckless second-degree assault provision contains the two most common aggravating factors found in aggravated assault – the causation of serious physical injury and the use of a deadly weapon.[11] *See Palomino Garcia*, 606 F. 3d at 1333-34.[12] *See also United States v. Flores*, No. 12-11587, 2013 WL 13558 at *1-2 (11th Cir. Jan.

---

[11] The Model Penal Code's definition of "deadly weapon" is broad enough to encompass the "deadly weapon or dangerous instrument" language of the Alabama statute. The Model Penal Code defines "deadly weapon" as "any firearm or other weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury." *Model Penal Code* § 210.0(4). Such language falls within the definitions of "dangerous instrument" and "deadly weapon" found at § 13A-1-2(6) & (7), Ala. Code 1975.

[12] As noted, the Eleventh Circuit in *Palomino Garcia* held that the Arizona crime of
(continued...)

15

11, 2013) (California conviction for assault with a deadly weapon or force qualified as enumerated crime of violence of generic aggravated assault because it required either the use of a deadly weapon or force likely to produce great bodily injury).  Because the Alabama second-degree assault statute, at § 13A-6-21(a)(3), correlates sufficiently with the Model Penal Code definition of aggravated assault, this court finds that Hall's second-degree assault conviction in Alabama was a crime of violence under the Sentencing Guidelines and was properly considered as such by the district court in the calculation of Hall's base offense level.

Because his prior second-degree assault conviction was properly deemed a crime of violence, Hall cannot demonstrate prejudice resulting from his counsel's failure to argue to the contrary.  Therefore, Hall is not entitled to relief based on this claim of ineffective assistance of counsel.  Furthermore, as noted above, Hall's counsel cannot be considered to have rendered ineffective assistance by failing to raise a claim not based on clear and controlling law at the time of Hall's sentencing and which even at this date involves a legal question that has not been fully and clearly answered in this circuit.

---

[12](...continued)
aggravated assault on a law enforcement officer, despite its label, is not an enumerated crime of violence for purposes of the Sentencing Guidelines.  In so holding, the Eleventh Circuit found that the elements of the Arizona aggravated assault statute under which the petitioner in *Palomino Garcia* was convicted "do not substantially correspond to the elements of the generic offense of aggravated assault," i.e., the Model Penal Code definition.  *See* 606 F.3d at 1333-34.  The Eleventh Circuit specifically noted that the Arizona aggravated assault statute does not require either serious physical injury or the use of a deadly weapon, which the court considered to be necessary elements of the contemporary, generic offense of aggravated assault.  *Id*. at 1332-34.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Hall be DENIED, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before April 8, 2013.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 26th day of March, 2013.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE